UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN ARMAN GHORBANI; CHALET HOUSE, LLC,

                          Plaintiffs,

                    -against-

GOLDMAN SACHS,

                          Defendant.

20-CV-7875 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332, asserting claims for breach of contract. By order dated October 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following allegations are from Plaintiff Arman Ghorbani's complaint:

> [Goldman Sachs] warranted that they could fund a deal for $100,000,000 and that, 'we can do up to a $1B for you guys," which was implied to allow me and my business to have a $1B line of credit for my business and my clients. The Defendant did not fund the deal causing me, my business, and my clients to suffer damages. . . .

> The plaintiff asks the court to order relief in the amount of $100,000,000 and a banker to work with on providing the $1B [line of credit].

(ECF 2 at 4.) Plaintiff brings suit against Defendant Goldman Sachs, which he alleges is incorporated in Delaware and has its principal place of business in New York. (*Id.*) Plaintiff is a citizen of California. (*Id.* at 3.)

In his initial application to proceed without prepayment of fees, Plaintiff stated that his only income was a stipend for a position as a poll worker, but he did not answer all questions about his income and resources. (ECF No. 1.) The Court directed Plaintiff to amend his IFP application (ECF No. 4), and in his amended IFP application, Plaintiff states that his parents support him and his assets total $80.00 (ECF No. 5).

## DISCUSSION

As an initial matter, Plaintiff cannot bring suit on behalf of Chalet House, LLC, even though he alleges that he owns "100%" of the limited liability company. (ECF 1 at 2.) "[S]hareholders and members of limited liability companies – even sole shareholders and sole

members – do not have standing to sue for wrongs to the corporate entity." *RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 552 (S.D.N.Y. 2013), *aff'd*, 559 F. App'x 58 (2d Cir. 2014). Moreover, a person who is not an attorney may represent himself *pro se* but may not represent another individual or entity. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[B]oth a partnership and a corporation must appear through licensed counsel."). The Court therefore dismisses Chalet House, LLC, without prejudice as a plaintiff in this action because it cannot proceed without counsel.

Turning to Plaintiff's factual contentions that Goldman Sachs agreed to provide him $100 million, plus a $1 billion line of credit, even though he is indigent, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, such allegations are wholly implausible.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 5, 2020
        New York, New York

                                              COLLEEN McMAHON
                                  Chief United States District Judge